UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN WELLS,                                   ) | |
|                                                 ) | Casae No. 08 C 598 |
| Plaintiff,                           ) | |
|                                                 ) | Judge Shadur |
| vs.                                             ) | |
|                                                 ) | Magistrate Judge Mason |
| CITY OF CHICAGO, ILLINOIS           ) | |
| CHICAGO POLICE OFFICER              ) | JURY TRIAL DEMANDED |
| LIONEL PIPER, Star No. 14650,       ) | |
| CHICAGO POLICE OFFICER              ) | |
| WEST, Star No. 8589, and            ) | |
| CHICAGO POLICE OFFICER              ) | |
| BROWN, Star No. 19615,              ) | |
|                                                 ) | |
| Defendants.                          ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Lionel Piper, Jeffrey West and Mark Brown ("Defendant Officers"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's Complaint:

**JURISDICTION and VENUE**

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**     Defendant Officers admit the allegations contained in paragraph 1 but deny any wrongful or illegal conduct.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:**     Defendant Officers admit the allegations contained in paragraph 2 but deny any wrongful or illegal conduct.

3.    Venue is proper under 28 U.S.C. § 1391 (b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    Defendant Officers admit that venue is proper but deny any wrongful or illegal conduct.  Defendant Offices admit, upon information and belief, that all parties reside in the Northern District of Illinois but deny the events complained of occurred as described by plaintiff herein.

## PARTIES

4.    At all times relevant hereto, Plaintiff Steven Wells was a 34 year-old male resident of Chicago, Illinois.

**ANSWER:**    Defendant Officers admit, upon information and belief, the allegations contained in paragraph 4.

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:**    Defendant Officers admit the allegations contained in paragraph 5.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    Defendant Officers admit they are employed by the City of Chicago.  Defendant Officers admit, upon information and belief, the remaining allegations contained in paragraph 6.

## FACTUAL ALLEGATIONS

7.    On or about January 28, 2006, Plaintiff was eating at a restaurant when he was called by his mother and told to come back to the residence, located at 7535 S. Damen, Chicago, Illinois, as Plaintiff's mother was ordered to do so by one or more Defendant Officers.

**ANSWER:**    Defendant Officers admit that Plaintiff was called by his mother and that he returned to his residence, located at 7535 S. Damen, Chicago, Illinois.  Defendant Officers

2

admit plaintiff was told by his mother to come back to his residence. Defendant Officers deny the remaining allegations contained in paragraph 7.

8. When Plaintiff arrived at his home, he was immediately thrown to the ground and handcuffed in an overly aggressive manner.

**ANSWER:** Defendant Officers admit that plaintiff returned to his home at 7535 S. Damen in Chicago. Defendant Officers deny the remaining allegations contained in paragraph 8.

9. At this time, and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendants Officers deny the allegations contained in paragraph 9.

10. Prior to Plaintiff's arrest, Defendant Officers arrived at Plaintiff's home with an invalid and unconstitutional search warrant.

**ANSWER:** Defendant Officers admit they were at plaintiff's home prior to his arrest with a search warrant. Defendant Officers deny the remaining allegations contained in paragraph 10.

11. As a result of the unconstitutional search and seizure, Plaintiff was transported to a Chicago Police Station and charged with unlawful use of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a).

**ANSWER:** Defendant Officers admit that plaintiff was transported to a Chicago Police station and charged with unlawful use of a weapon by a felon in violation of 720 ILCS 5.0/24-1.1(a). Defendant Officers deny the remaining allegations contained in paragraph 11.

12. Plaintiff was taken into custody where he was incarcerated for approximately four days, before he was released on bond after posting $5,000.00.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. On December 18, 2007, the charges against Plaintiff were dismissed by Judge Wasilewski pursuant to the unconstitutional search warrant

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 13.

### Count 1-42 U.S.C. § 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as their Answer to paragraph 14 of Count I as if fully stated herein.

14. [sic[1]] On or about January 28, 2006, Plaintiff was seized and arrested pursuant to an invalid and/or unconstitutional search warrant. This seizure and arrest were in violation of Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 14.

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 15.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse

---

[1] Plaintiff's Complaint contains two paragraphs numbered as paragraph 14. The numbering from Plaintiff's Complaint appears throughout this Answer exactly as it does in Plaintiff's Complaint.

4

        citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, [sic] the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 16.

17. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 17.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count II - 42 U.S.C. § 1983 Unlawful Search

18. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as

5

their Answer to paragraph 18 of Count II as if fully stated herein.

19.   Defendant Officers entered and searched Plaintiffs residence on or about January 28, 2006, even though Defendant Officers did not have any justifiable basis for the entry and/or search, in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**   Defendant Officers admit they entered plaintiff's residence. Defendants Piper and West admit they conducted a search in plaintiff's residence. Defendant Officers deny the remaining allegations contained in paragraph 19.

20.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, [sic] the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 20.

21. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 21.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count III - False Imprisonment

22. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as their Answer to paragraph 22 of Count III as if fully stated herein.

23. Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 23.

24. On or about January 28, 2006, Plaintiff was seized and detained without a valid search warrant and without probable cause. This detention and seizure was in violation of Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 24.

25. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 25.

26. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 26.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count IV - Conversion

27. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as their Answer to paragraph 27 of Count IV as if fully stated herein.

28. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants Officers admit the allegations contained in paragraph 28.

29. On or about January 28, 2006, Plaintiff was the rightful and legal owner of $587.00 US currency.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. On this date, Plaintiff had an absolute and unconditional right to the immediate possession said currency.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion the currency.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 31.

32. At the time of this conversion, Plaintiff made a demand for the possession of said currency.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 32.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count V - Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as their Answer to paragraph 33 of Count V as if fully stated herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants Officers admit the allegations contained in paragraph 34.

35. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 35.

36. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 36.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count V, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 13 herein as their Answer to paragraph 37 of Count VI as if fully stated herein.

38. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 38.

39. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant Officers admit they are agents of the Defendant City and employees of the City of Chicago and acted at all times within the scope of their employment. Defendant Officers deny the remaining allegations contained in paragraph 39.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count VI, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed the search warrant to be valid and the subsequent search to be lawful, in light of clearly established

law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. Plaintiffs cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7.  As to plaintiff's state law claims, the Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

8.  Defendant Officers are not liable for any injury arising out of their entry upon any property where such entry is expressly or impliedly authorized by law. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-209.

9.  In Illinois, it is clear that punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of emotional distress, since the alleged outrageous quality of the defendant's conduct forms the basis of the action. *Knierim v. Izzo*, 22 Ill.2d 73, 88, 174 N.E.2d 157, 165 (1961); *Gragg v. Calandra*, 297 Ill. App. 3d 639, 649, 696 N.E.2d 1282, 1290 (2nd Dist. 1998); *Morrison v. Sandell*, 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292 (4th Dist. 1983). Consequently, the rendition of compensatory damages is sufficiently punitive. *Knierim*, 22 Ill.2d at 88, 174 N.E.2d at 165; *Morrison*, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. In *Morrison*, the Court held that the plaintiff's claim seeking punitive damages for the intentional infliction of emotional distress was properly dismissed. *Morrison*, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. Plaintiff seeks punitive damages for the alleged intentional infliction of emotional distress by the Defendants. As Illinois does not permit the recovery of punitive damages for the intentional infliction of emotional distress, the Plaintiff's prayer for the same must be stricken. Thus, this Court must strike the Plaintiff's prayer for punitive damages from Count V in his Complaint.

10. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that

plaintiff has a duty to mitigate, and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

11.     Where Defendant Officers had probable cause to arrest Plaintiff for more than one criminal offense, Plaintiff's false arrest claim based upon an arrest for one particular offense must fail even if no probable cause existed for the arrest if probable cause did exist for the arrest of plaintiff on a different criminal offense. *See Devenpeck v. Alfred*, 543 U.S. 146, 153-157 (2004).

12.     Plaintiff's Count VI should be dismissed as there is no cause of action for "indemnification." Rather, indemnification provides for liability to an employer for the wrongful acts of an employee as a legal principle in Illinois but provides no separate or distinct cause of action. Count VI should therefore be dismissed.

13.     Plaintiff's claims for "False Imprisonment," "Conversion" and "Intentional Infliction of Emotional Distress" which appear in Counts III, IV, and V respectively, are barred by the statute of limitations. The statute of limitations for intentional torts by government actors in the state of Illinois is one year. See Tort Immunity Act. *See* 745 ILCS 10/8 -101(a) ("No civil action…may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Plaintiff alleges that he was falsely imprisoned on January 28, 2006. The statute of limitations for that claim expired on January 28, 2007. The same is true for plaintiff's claims of conversion and intentional infliction of emotional distress. Therefore, Counts III, IV, and V should be dismissed.

14.     Plaintiff is estopped from arguing that he was falsely charged with unlawful use of a weapon by a felon in violation of 720 ILCS 5.0/24-1.1(a). Plaintiff is a convicted felon.

Plaintiff had possession of two firearms that were located in his residence and found during the execution of a search warrant. Plaintiff filed a motion to suppress evidence during the subsequent criminal proceeding. The motion was granted by the criminal court judge. The plaintiff is therefore estopped from arguing that he did not possess these guns or that he was falsely arrested for being a felon in possession of a firearm.

Respectfully submitted,

  s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

## **CERTIFICATE OF SERVICE**

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on March 26, 2008, in accordance with the rules governing the electronic filing of documents.

        s/ Matthew R. Hader
        MATTHEW R. HADER
        Assistant Corporation Counsel