UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 598 |
| | ) | |
| vs. | ) | Judge Shadur |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICER LIONEL | ) | Magistrate Judge Mason |
| PIPER, Star No. 14650, CHICAGO POLICE | ) | |
| OFFICER WEST, Star No. 8589 and | ) | |
| CHICAGO POLICE OFFICER BROWN, | ) | Jury Demand |
| Star No. 19615, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by it's attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendant City admits that this action purports to be brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights, as secured by the United States Constitution. The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

2. This Court has jurisdiction of [*sic*] the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

> **ANSWER:** Defendant City admits the allegations in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in this judicial district. The City admits the remaining allegations contained in this paragraph.

## PARTIES

4. At all times relevant hereto, Plaintiff Steven Wells was a 34 year-old male resident of Chicago, Illinois.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. At all times relevant hereto, the three Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

> **ANSWER:** Defendant City admits that, at all times relevant to the Complaint, the Defendant Officers were employed as police officers with the City of Chicago. Defendant City further admits, upon information and belief, based on Chicago Police Department records, that the Defendant Officers were, at all times relevant to the Complaint, acting under color of law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

> **ANSWER:** Defendant City admits that it is a municipal corporation incorporated under the laws of the State of Illinois. Defendant City admits that at all times relevant to this

Complaint, the City was the employer of the Defendant Officers. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7. On or about January 28, 2006, Plaintiff was eating at a restaurant when he was called by his mother and told to come back to the residence, located at 7535 S. Damen, Chicago, Illinois, as Plaintiff's mother was ordered to do so by one or more Defendant Officers.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. When Plaintiff arrived at his home, he was immediately thrown to the ground and handcuffed in an overly aggressive manner.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

9. At this time, and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

10. Prior to Plaintiff's arrest, Defendant Officers arrived at Plaintiff's home with an invalid and unconstitutional search warrant.

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department records, that, on January 27, 2006, Defendant Officers executed a search warrant at 7535 South Damen Avenue, in Chicago, Illinois. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. As a result of the unconstitutional search and seizure, Plaintiff was transported to a Chicago Police Station and charged with unlawful use of a weapon by a felon in violation of 720 ILCS 5/24-1.1 (a).

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department records, that Plaintiff was transported to a Chicago Police Station and charged with unlawful use of a weapon by a felon, in violation of 720 ILCS 5.0/24-1.1(a). The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12. Plaintiff was taken into custody where he was incarcerated for approximately four days, before he was released on bond after posting $5,000.00.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. On December 18, 2007, the charges against Plaintiff were dismissed by Judge Wasilewski pursuant to the unconstitutional search warrant.

**ANSWER:** Upon information and belief, based upon records from the Clerk of the Circuit Court of Cook County, Defendant City denies the allegation in this paragraph.

**Count 1 – 42 U.S.C. § 1983 False Arrest**

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

14.[1] On or about January 28, 2006, Plaintiff was seized and arrested pursuant to an invalid and/or unconstitutional search warrant. This seizure and arrest were in violation of Plaintiff s rights secured under the Fourth and Fourteenth

---

[1] Defendant City notes that plaintiff mistakenly numbers this paragraph as 14, when it should, in fact, be numbered as paragraph 15. All subsequent paragraphs are, therefore, misnumbered as well.

Amendments of the Constitution of the United States.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate

          by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

17.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

## Count II – 42 U.S.C. § 1983 Unlawful Search

18.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

19.    Defendant Officers searched Plaintiff's residence on or about January 28, 2006, even though Defendant Officers did not have any justifiable basis for the entry and/or search, in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small

               number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

21.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count III—False Imprisonment

22. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

23. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendant City admits the allegation in this paragraph.

24. On or about January 28, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph.

### Count IV – Conversion

27. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

28. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendant City admits the allegation in this paragraph.

29. On or about January 28, 2006, Plaintiff was the rightful and legal owner of $587.00 US currency.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. On this date, Plaintiff had an absolute and unconditional right to the immediate possession said currency.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion the currency [*sic*].

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32. At the time of this conversion, Plaintiff made a demand for the possession said currency.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief

as to the truth of the allegation in this paragraph.

### Count V – Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendant City admits the allegation in this paragraph.

35. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

36. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count VI – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 13, as if fully restated herein.

    38.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    Defendant City states that the allegations in this paragraph are a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law, and, therefore, this allegation is denied.

    39.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    Defendant City states that Plaintiff's allegation that it is "liable as principle for all torts committed by its agents, Defendant Officers" is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied. The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the City as Chicago police officers and Defendant City further admits, upon information and belief, based on Chicago Police Department records, that the Defendant Officers were, at all times relevant to the Complaint, acting under color of law and within the scope of their employment.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. Defendant City is not liable to Plaintiff for any of his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

5. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, even though abused. 745 ILCS 10/2-201 (2006).

6. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

7. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

8. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

9. Pursuant to the Tort Immunity Act, the statute of limitations on Plaintiff's state law claims is one year "from the date the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED:  APRIL 17, 2008**                     Respectfully submitted

                                                              MARA S. GEORGES,

                                                              Corporation Counsel
                                                              City of Chicago

30 North LaSalle Street
Suite 1020                                    By:    /s/ *Meghan Kennedy*
Chicago, Illinois 60602                              MEGHAN KENNEDY
312.744.9653/9332                                    MARCELLA SANCHEZ AGUILAR
Attorney No. 6283230                                 Assistants Corporation Counsel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WELLS, | ) | |
| | ) | Case No. 08 C 598 |
| Plaintiff, | ) | |
| | ) | Judge Shadur |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, ILLINOIS, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Jeffrey B. Granich
      Katie Z. Ehrmin
      Law Offices of Jeffrey B. Granich
      53 West Jackson Boulevard, Suite 840
      Chicago, Illinois  60604

**PLEASE TAKE NOTICE** that on this 17th day of April 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 17th day of April 2008.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago


By:   /s/ *Meghan Kennedy*
      MEGHAN KENNEDY
      Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
312.744.9653
Attorney No. 6283230